AUTORIDAD DE LOS PUERTOS DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PEDRO A. PÉREZ PÉREZ, JUEZ, demandado; PASCUALE & JOSEFINA GENDUSO, interventores.

*Número:* O-73-410      *Resuelto:* 30 de octubre de 1975

308

*Rieckehoff, Calderón, Rosa Silva & Vargas,* abogados de la peticionaria; *G. R. Padró Díaz,* abogado de los interventores.

PER CURIAM: La Autoridad de los Puertos de Puerto Rico recurre de una resolución del Tribunal Superior, Sala de San Juan, que se negó a desestimar un pleito sobre daños y perjuicios instado en su contra por un matrimonio residente en la ciudad de Nueva York y que, no obstante lo dispuesto por la Regla 69.5 de Procedimiento Civil en cuanto a la prestación de fianza para garantizar costas y honorarios de abogado, admitió una fianza personal prestada más de noventa días después de la fecha en que se ordenó prestarla.

La Regla 69.5 dispone en su último párrafo:

"Transcurridos 90 días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que la misma se hubiere prestado, el tribunal ordenará la desestimación del pleito."

La resolución que ordenó se prestara la fianza se dictó y notificó el 13 de abril de 1973. No fue hasta el 30 de julio siguiente—ciento ocho días después—que se prestó una fianza personal que, aparte de lo tardía, no cumplía los requisitos de

la Regla 69.1 por no informar la residencia del fiador ni describir los bienes dados en garantía. Por sobre la objeción de la Autoridad, el Tribunal recurrido permitió que se prestara una fianza adecuada en octubre, es decir, seis meses después de la resolución original.

La Autoridad alega que el Tribunal recurrido no tenía discreción para negarse a desestimar el pleito, e invoca el carácter mandatorio del último párrafo de la Regla 69.5, antes transcrito. Lo resuelto por nosotros en *Bram* v. *Gateway Plaza, Inc.*, 103 D.P.R. 716 (1975), dispone de este planteamiento. Allí resolvimos que en virtud de la Regla 68.2, el término de noventa días que fija la 69.5 puede ser prorrogado o reducido bajo los términos y condiciones que aquella señala.

■ Conforme a dicha Regla 68.2 el Tribunal puede "en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable."

■ Los demandantes no solicitaron prórroga del término de noventa días antes de su vencimiento. Tampoco solicitaron permiso del tribunal para prestar la fianza después de expirado dicho plazo. Ignoraron las claras disposiciones de la Regla 68.2, antes citadas, y presentaron la fianza a los ciento ocho días. La práctica de desatender e ignorar las reglas procesales es contraria a un sistema ordenado de pedir justicia y merece nuestra censura.

Fue cuando la Autoridad objetó la fianza prestada por ser tardía y por no cumplir los requisitos de la Regla 69.1 que los demandantes dieron explicaciones que pretendieron cobijar bajo el palio de "negligencia excusable." Adujeron

como excusas, el hecho de residir fuera de Puerto Rico, que su abogado no podía ser su fiador por prohibirlo la Regla 69.8, y que el abogado "no tenía" la dirección del fiador. Ninguna es aceptable para excusar que se tomaran por su cuenta una prórroga de diez y ocho días sobre el plazo de noventa para prestar una fianza que contravenía los requisitos de la Regla 69.1, y que no fuera hasta seis meses después de la orden original del tribunal que prestaran una fianza admisible. El tribunal recurrido fue generoso en demasía con los demandantes en el ejercicio de su discreción.

*Se dictará sentencia para revocar la resolución del Tribunal recurrido y para ordenar la desestimación de la demanda.*