Fausto Arturo **RODRIGUEZ**, et al., **Plaintiffs,**

v.

Carlos Garcia **BALDRICH, Defendant.**

**Civ. No. 79–1476.**

United States District Court, D. Puerto Rico.

Jan. 21, 1981.

David Efrón, Río Piedras, P. R., for plaintiffs.

Rafael Martínez Alvarez III, Isla Verde, P. R., for defendant.

## OPINION AND ORDER

TORRUELLA, District Judge.

This case is now before us pursuant to the remand order entered by the Court of Appeals for further consideration of the applicability, under Puerto Rico law, of the *res judicata* doctrine. Pursuant to an Order entered by this Court, both parties have filed memoranda discussing such issue.

In 1974 plaintiffs herein filed a complaint against defendant in the Superior Court of Puerto Rico, San Juan Part, stating an identical cause of action as in the present action. Said complaint was dismissed in 1975 by reason of plaintiffs' failure to file a nonresident bond pursuant to Rule 69.5 of the Puerto Rico Rules of Civil Procedure of 1958.[1] Plaintiffs filed a motion for recon-

sideration of judgment which was denied by the Superior Court. Inasmuch as an appeal to the Supreme Court of Puerto Rico was not taken, the judgment of dismissal became final, firm and unappealable in due course of time.

Five years after the Superior Court action was filed and four years after its dismissal, plaintiffs initiated this lawsuit which, as previously indicated, is identical in nature to the previous one.

Defendant herein raised as a defense that the Superior Court judgment precludes the instant suit pursuant to the doctrine of *res judicata*. We dismissed and the matter was appealed to the Court of Appeals, wherein Plaintiffs were unopposed by Defendant. The Court of Appeals remanded the case for our making of more explicit and reasoned rulings under Puerto Rican law concerning the applicability of *res judicata* to this case.

■ It is established law in this jurisdiction that the failure to file a nonresident bond adequate to comply with the requirements of the Puerto Rico Rules of Civil Procedure, and within the term established in Rule 69.5 or any extension granted thereof, requires the dismissal of the case. *See A. P. P. R. v. Tribunal Superior*, 104 D.P.R. 307 (1975); *Bram v. Gateway Plaza Inc.*, 103 D.P.R. 716 (1975).[2] Such a dismissal operates as an adjudication upon the merits of the case. Puerto Rico Rule of Civil Procedure 39.2 *in fine*;[3] *Bram v. Gateway*

1. The Puerto Rico Rules of Civil Procedure of 1958 were repealed in 1979 by the Rules of Civil Procedure of 1979. Unless stated otherwise, the references in this opinion are to the Puerto Rico Rules of Civil Procedure of 1958.

2. Plaintiffs allege that dismissal resulted because of a defect in the nonresident bond, and not from a failure to file a bond. The judgment entered by the Superior Court reads as follows:

   "Upon request of the defendant through a motion requesting dismissal of the complaint due to the fact that plaintiff has not deposited a nonresident bond, pursuant to Rule 69.5 of Civil Procedure and applicable court decisions, the Court dismisses the complaint and orders this case to be filed." (translation). It was held in *Bram* that if the nonresident bond is filed tardy and "the excuse presented

[for the delay] does not satisfy the judge", he ought to dismiss and "his decision dismissing the complaint shall have the efficacy of res judicata." *Bram v. Gateway Plaza Inc.*, Official translation at 3–4. It is the import of *A. P. R. R. v. Tribunal Superior, supra*, that a nonresident bond that does not comply with the requirements of Puerto Rico Rule of Civil Procedure 69.1 is inadmissible. 104 D.P.R. at 308–309. Hence it is unnecessary and perhaps even inappropriate to look behind the Superior Court decisions in order to ascertain the factual details of the noncompliance with the bond requirement.

3. Which provides in its last sentence:

   "*Unless the court in its order for dismissal otherwise specifies*, a dismissal under Rule

*Plaza, Inc.,* 103 D.P.R. at 718. See *Pérez v. Bauzá,* 83 P.R.R. 213, 216–218 (1961).

Plaintiffs' two arguments are that (1) *res judicata* does not apply when the initial action was not litigated and adjudicated in the merits, and (2) the circumstances of the present case warrant an exception to the applicability of *res judicata.*

■ Plaintiffs' first argument is completely without merit. It goes against the express provisions of Puerto Rico Rule of Civil Procedure 39.2 and the Puerto Rico Supreme Court's clear statements in *Bram,* 103 D.P.R. at 718. As stated in *Pérez v. Bauzá,* 83 P.R.R. at 217–218:

> "In general terms, it may be affirmed that the rule of res judicata is based on considerations of public policy and necessity: on the one hand, the interest of the State in terminating litigations in order that judicial issues may not be perpetuated, ..., and on the advisability of impressing court decisions with due dignity ... and, on the other hand, the desirability of not submitting a citizen twice to the inconveniences which the litigation of the same cause entails.... *In its origin it presupposed an adversative or litigious proceeding and an adjudication on the merits. However, the complexities of the modern proceeding and the increase in litigation have resulted in its extension— by statutory channels—even to decisions which have not adjudicated the controversy on its merits.* Examples of this development are Rule 41(b) [of the Puerto Rico Rules of Civil Procedure of 1943] under consideration and Rules 11.1 and 39.1(a) of 1958, which refer respectively to the defense of res judicata which may be interposed when in a previous action a compulsory counterclaim has not been asserted, ... and when the same action has been abandoned more than once," ... (citations and footnotes omitted) (emphasis supplied)...

The Puerto Rico Supreme Court further stated in *Pérez v. Bauzá,* 83 P.R.R. at 216–217:

> 39.2 and any dismissal, other than a dismissal for lack of jurisdiction or failure to join an

"[T]he general rule is that, in the absence of a statute or rule of procedure, a judgment dismissing a complaint for lack of prosecution does not bar the plaintiff from prosecuting another action on the same cause, since in principle an adjudication on the merits is necessary in order that the defense of res judicata may prosper ... An identical decision was adopted prior to the effectiveness of the Rules of Civil Procedure of 1943.... However, Rule 41(b), which was substantially the same as Rule 39.2 of the Rules of 1958, which establishes a statutory modality of res judicata where judgment for inactivity has been entered, took effect on September 1, 1943. The pertinent part of that rule reads as follows:

> "(b) *Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.*"

. . . . .

Rule 41(b) is consistent with the inherent power of courts to relieve the congestion of their calendars..., and likewise it is undoubtedly consistent with the laudable purpose of discouraging delinquent litigants or those who utilize the judicial channel to cause inconveniences to the adverse party by initiating untenable proceedings." (citations omitted) (emphasis in the original).

indispensable party, *operates as an adjudication upon the merits.*" (Emphasis supplied).

It is evident from the foregoing that Plaintiffs' argument that a dismissal for failure to comply with Puerto Rico Rule of Civil Procedure 69 should not constitute *res judicata*, clearly goes against well-established principles of Puerto Rico case law.

Plaintiffs' second contention is to the effect that even if *res judicata* were held applicable, an exception should be made herein because of the particular circumstances of the case at bar.

As the Supreme Court of Puerto Rico has recently stated:

" '[T]he foundation of res judicata does not lie in a claim of infallibility by the judge, and much less in an attempt to conceal his errors, but is instead found in the very essence of the judicial resolution which would not be worthy of such a name nor would have efficacy or result if it were not in such a way strengthened. It is therefore a direct consequence of the necessary authority for the judgment, and ... without such a power attributed to the matters adjudged, litigation would never end...' ... It is a rule of 'fundamental and substantial justice, clothed with public interest...' ..." *Pagán Hernández v. U. P. R.*, 107 D.P.R. 720, 732 (1978) (our translation) (citations omitted).

The Supreme Court of Puerto Rico has recognized several exceptions to the applicability of *res judicata.* Id. at 735.

"Among these exceptions are those cases permeated by public order considerations. The two leading cases on this subject are *Pérez v. Bauzá*, supra, and *Millán v. Caribe Motors Corp.*, [83 P.R.R. 474 (1961)] ..." Id. at 734 [4] (our translation) (citations omitted).

In *Pérez v. Bauzá*, a minor represented by his mother brought in 1952 before the Superior Court, San Juan Part, a filiation suit against defendant. The action was dismissed for lack of prosecution pursuant to Rule 11 of the Rules of Administration for the Court of First Instance. In 1956 a new filiation suit was commenced before the Superior Court, Ponce Part. Plaintiffs were represented by another attorney. The allegations of the complaint were substantially the same as those of the prior suit. Defendant raised the defense of *res judicata*. The Supreme Court of Puerto Rico held: first, that Rule 41(b) of the Puerto Rico Rules of Civil Procedure of 1943 (which, as stated above, was similar to Rule 39.2 of the Rules of 1958) established a statutory modality of *res judicata* when judgment of dismissal for lack of prosecution had been entered; and second, that the particular circumstances of the case warranted that, as an exception to the general rule, *res judicata* be held inapplicable. With respect to the second holding, the Court stated:

---

4. In *Millán v. Caribe Motors Corp.*, supra, the Puerto Rico Supreme Court affirmed a Superior Court judgment allowing Plaintiff to recover for damages in an action for rescission of a conditional sales contract, albeit in a prior suit the vendor had repossessed the truck because of default in the payments. The *Millán* Court refused to apply *res judicata* because the vendee's consent had been obtained by deceit, there were formal defects in the conditional sales contract in open violation of the Puerto Rico Conditional Sales Act, and the initial suit (repossession) was a summary and special proceeding. See *Pagán Hernández*, 107 D.P.R. at 737.

The other exceptions to *res judicata* enumerated in *Pagán Hernández* are where: (1) the prior judgment was rendered pursuant to an invalid acceptance of the claim by the defendant, (2) the prior judgment was entered by a court without jurisdiction, (3) appeal from the prior judgment was attempted but could not be accomplished and appellant was not at fault, (4) there is fraud, and (5) there is a miscarriage of justice. Id. at 736 n. 6. The first four exceptions are clearly not present in the case at bar. The fifth exception was applied in *Feliciano Ruiz v. Alfonso Development Corp.*, 96 P.R.R. 105 (1968), which case is distinguishable from the situation at bar. See Id. at 111. In that case, individual stockholders of a corporation in the process of dissolution did not reveal this fact to plaintiff in a prior suit. The individual stockholders were sued and raised the prior dismissals against them as *res judicata*. Although the Supreme Court in disallowing this defense uses "miscarriage of justice" as grounds, we have in effect a situation similar to that of fraud. For the reasons discussed throughout this opinion, we find that said exception, as it has been interpreted, is not present either.

618

"There is no question that the action of filiation, which is the vehicle granted by law for determining the family status of the citizen, is clothed with a great public interest and it even has constitutional tangencies, if it is so desired, thereby affecting the individual's dignity. Article II, § 1 of the Constitution of the Commonwealth of Puerto Rico declares, precisely, that the dignity of the human being is inviolable, and defines the equality of men before the law followed by the prohibition to discriminate by reason of *birth*.

In the specific case under consideration in which (1) the judgment set up as res judicata did not adjudicate the merits of the cause of action exercised, and which is considered as a final adjudication only by statutory provision based upon the public convenience of the finality of judgments; (2) the action of filiation is vested with a public interest; and (3) the plaintiff is a minor sought to be held responsible for the lack of diligence of his mother in order to defeat his opportunity to wipe out the stigma of spurious child, we can not apply, in the process of weighing the two doctrines in apparent conflict, a norm which would bar the exercise of the action. This is the proper case for departing from the rigidity of res judicata. On the other hand, and considered from the viewpoint of the inconveniences which may be caused to the defendant and which would justify his protection under the defense of res judicata, his only act in the previous action whose judgment is invoked consisted in filing a motion challenging the jurisdiction of the court based on a technical ground. This motion was not even set for hearing. Nor is there present the other factor regarding repeated inconveniences to a litigant." 83 P.R.R. at 219–220 (footnotes omitted) (emphasis in the original).

From a reading of the *Pérez v. Bauzá* opinion it is evident that the principal consideration for not applying *res judicata* in

said case was the fact that it was an action of filiation, which is an action clothed with the utmost public interest and even having a constitutional basis in Puerto Rico. Such consideration, coupled to the fact that the plaintiff therein was a minor and unable therefore to protect his rights by himself, and that there was no question as to the merits of the case,[5] moved the Puerto Rico Supreme Court to make an exception to the applicability of *res judicata*.[6] The *Pérez v. Bauzá* opinion does not in any way intimate that *res judicata* is generally inapplicable against minors.

The Puerto Rico Supreme Court has emphasized in subsequent decisions the public policy considerations underlying the *Pérez v. Bauzá* holding. "That case was decided on behalf of the minor in order to prevent a miscarriage of justice in a matter pervaded by 'public interest'." *Pagán Hernández v. U. P. R.*, 107 D.P.R. at 754 (dissenting opinion by Associate Justices Messrs. Díaz Cruz and Martín) (our translation). See also *Diez v. Guzmán*, 79 J.T.S. 13 at p. 825 (January 31, 1979) (concurring opinion); *Garzot v. Superior Court*, 90 P.R.R. at 357 ("The consideration of public policy involved in this determination [filiation], not only for the purposes of adjudicating the status of plaintiff but also her successory rights, [citation], bar the strict application of the doctrine of the case law and likewise that the invocation of *res judicata* may defeat the consecration of all the rights at present conferred and recognized in accordance with the filial status sought, *Pérez v. Bauzá*, 83 P.R.R. 213 (1961))." In *Souchet v. Cosío*, 83 P.R.R. 730 (1961), an action for declaration of nullity of a sale, replevin and other remedies (no minors involved), the prior suit had been dismissed for lack of prosecution. The Puerto Rico Supreme Court held the doctrine of *res judicata* applicable, stating, *inter alia*, that "this action involves purely private relations in which there are no special considerations of public policy which, as in *Pérez v. Bauzá*, supra, would persuade us to adopt a contrary

---

5.  See Id. at 216 n. 4 and 219.

6.  Compare *Garzot v. Superior Court*, 90 P.R.R. 351, 357 *in fine* (1964).

rule." Id. at 736. Such quotation is perfectly applicable to Coplaintiff Delia Aurora González del Valle's action in the case at bar: a claim for collection of monies. This is even more so in view that the allegations as to minority status are not available to her, but only to Coplaintiff Fausto Arturo Rodríguez.

In *Mercado Riera v. Mercado Riera,* 100 P.R.R. 939 (1972), a tort action for damages, a prior suit for dissolution of a partnership had been brought and had ended with judgment for plaintiffs. The *Mercado* Court upheld the dismissal of the tort action as *res judicata* by reason that it could have been litigated and adjudicated in the previous action for dissolution of the partnership. It stated, *inter alia*:

"Appellants set forth, citing *Pérez v. Bauzá,* 83 P.R.R. 213, 218 (1961), that the defense of res judicata should not be applied rigidly if in so doing the ends of justice are defeated, specially if reasons of public policy are involved. Nevertheless, unlike *Pérez v. Bauzá,* in which an action of filiation invested with public interest was involved, now we are dealing with purely private relations between the parties that do not justify a deviation from the normal effect of res judicata." Id. at 951–952.[7]

Although neither *Souchet v. Cosío,* supra, nor *Mercado Riera v. Mercado Riera,* supra, involve the application of res judicata against minors, they do stand for the proposition that when a case concerns purely private relations devoid of public interest considerations, a departure from res judicata principles is unwarranted. The present suit—an action for collection of monies—is an example of such a case.

In its opinion, the Court of Appeals for the First Circuit has brought our attention to the case of *Berríos Rivera v. British Ropes, Ltd.,* 575 F.2d 966 (1st Cir. 1978). In said case plaintiff brought identical actions simultaneously in Puerto Rico and federal courts. The Puerto Rico Court dismissed

the case before it for lack of prosecution, but subsequently reinstated it on Plaintiff's Motion. Thereafter the Court dismissed it again for lack of prosecution. Plaintiff never appealed said dismissal. *By the time dismissal was entered, the federal case was well under way and Plaintiff was actively litigating in this Court.* When one of the parties to the local action was brought into the federal case by means of a Third-Party complaint, it requested dismissal on res judicata grounds. The Motion was denied by this Court both initially and on reconsideration on the grounds of lack of timeliness and because, under controlling Puerto Rico law, the *res judicata* defense was not to be allowed if it would cause an injustice. This Court's holding was affirmed on appeal. We find the *Berríos Rivera* case distinguishable from the matter at bar. Therein the two actions were concurrently initiated, and the federal case was being actively litigated when the local action was dismissed. Furthermore, its result squares, although on different grounds, with the more recent decision of the Supreme Court of Puerto Rico in *Diez v. Guzmán,* supra. See also *Zambrana v. Superior Court,* 100 P.R.R. 179 (1971).

In *Diez v. Guzmán,* supra, Appellee brought on October 30, 1973 before the Superior Court of Puerto Rico a civil action for declaratory judgment to the effect that the minor Johsian Fernando Guzmán was not his son. Appellants, Guzmán and his mother, were served with process on November 17, 1973. On July 26, 1974 and without having filed an answer in the civil case, Guzmán's mother accused appellee of the offense of child neglect, Art. 263 of the 1937 Penal Code, 33 L.P.R.A. Sec. 991. Appellee was tried before the Puerto Rico District Court and found guilty on December 10, 1974. He was imposed a thirty-day sentence, suspended on the condition that he pay an alimony. On March 31, 1977, after a trial on the merits, the Superior Court entered judgment declaring that ap-

---

7. The *Mercado* Court also analyzed *Millán v. Caribe Motors Corp.,* 83 P.R.R. 474 (1961), distinguishing it. 100 P.R.R. at 952–953.

pellee was not the father of appellant Guzmán. The Superior Court ordered that appellee's name be stricken from appellant's birth certificate. Such recording had been made pursuant to the judgment in the criminal case and as ordered by Art. 263 of the 1937 Penal Code. Appeal was taken before the Puerto Rico Supreme Court on the grounds that the judgment in the criminal case constituted res judicata for purposes of the civil action. The Puerto Rico Supreme Court affirmed the Superior Court's judgment, stating *in fine*:

> "The defense of res judicata is characterized by the previous finality of the first judgment, obtained with absolute precedence in order of time to the second suit where it is invoked, and not by the simultaneous prosecution of both suits. Res adjudged is not 'res being adjudged.' Its effect of radical termination of the controversy is called the 'sanctity' of the res judicata in acknowledgement of its respectability and because it represents the concretion of accomplished justice, with hearing to the parties. The judgment in the criminal case, an offspring of the procedural anomaly of the lis pendens, in which two separate actions compete between themselves, like it were a sport contest, does not have res judicata quality." Id., p. 824 (our translation).

In the matter at bar, the action before the Superior Court of Puerto Rico was dismissed by a Court with jurisdiction. Plaintiffs did not appeal from the judgment of dismissal, which therefore became final, firm and unappealable in due course of time. Between the Superior Court case and the present one, there is identity of things, causes, persons and their capacity. See *Mercado Riera v. Mercado Riera*, supra. The judgment of dismissal for failure to file a nonresident bond pursuant to the Puerto Rico Rules of Civil Procedure constitutes *res judicata* for purposes of the present suit. In addition, there are no reasons to justify making an exception to the applicability of the doctrine of *res judicata* to the case at bar.

In view of all of the foregoing, it is the Court's decision that the present case must be dismissed on *res judicata* grounds. We find that certification of this case to the Supreme Court of Puerto Rico, as suggested by the Court of Appeals, is unnecessary as we deem that the existing Puerto Rico case law provides sufficient parameters for the resolution of the matter at bar.

The Clerk of the Court shall enter Judgment dismissing the above-captioned case as *res judicata*.

IT IS SO ORDERED.