Córdova Arone, Juez Ponente
*615 TEXTO COMPLETO DE LA SENTENCIA
En el caso de epígrafe la apelante, Martha Marrero solicita la revisión de una sentencia parcial dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Gloria Iagrossi Brenes, J.) el 9 de mayo de 1996. Mediante la referida sentencia el tribunal recurrido desestimó con perjuicio una demanda contra terceros instada por la apelante en el presente caso, bajo el fundamento de cosa juzgada, ya que existía una sentencia de desestimación con perjuicio del Tribunal de Distrito de los Estados Unidos en el caso Marrero Rivera v. Department of Justice, 821 F. Supp. 65 (1993), que entre otras cosas envuelve la misma situación de hechos que el caso de autos. Examinados los planteamientos de las partes, la jurisprudencia y la doctrina aplicable, confirmamos la sentencia apelada.
Para sostener nuestra sentencia, es preciso hacer un breve recuento de los hechos que dieron lugar al presente pleito y el derecho vigente aplicable al mismo.
I
La apelante, Martha Marrero de Ramos es empleada del Departamento de Justicia de Puerto Rico. En el año 1987 comenzó a trabajar como Secretaria Legal I, en el Centro Metropolitano de Denuncias (C.M.I.D.), siendo supervisada entonces por los fiscales José A. Santiago Martínez e Iris Meléndez Vega. En el año 1990 la fiscal Iris Meléndez asumió la dirección del C.M.I.D. y en consecuencia pasó a ser la supervisora inmediata de la Sra. Marrero, en lo sucesivo la apelante.
El 15 de octubre de 1991 la apelante le hace llegar una carta al Ledo. Pedro Goyco Amador, en su capacidad de Director de la Oficina de Investigaciones y Procesamiento Criminal, donde alega que ha sido víctima de hostigamiento sexual por parte de la fiscal Meléndez Vega. Casi un mes más tarde, el 5 de noviembre de 1991, el co-demandado, El Vocero de Puerto Rico, Inc. comenzó la publicación de una serie de artículos relacionados con el alegado hostigamiento sexual del que fue víctima la apelante.
Como resultado de estos hechos la apelante presentó una querella ante la Unidad Anti Discrimen, adscrita al Departamento del Trabajo, y posteriormente radicó una acción en daños, caso civil Núm. 92-1172, en el Tribunal Federal de Distrito de los Estados Unidos para el Distrito de Puerto Rico. El caso fue radicado por violación de sus derechos bajo el Título VII del Civil Rights Act of 1964,42 U.S.C. Sec. 2000e-17 y la privación de sus derechos civiles bajo el Título 42 U.S.C. Sec.1983. Figuraron como demandados en el pleito federal el Departamento de Justicia y los Srs. Pedro Goyco Amador, Iris Meléndez Vega y el Sr. José A. Santiago, en su carácter personal.
El 30 de abril de 1993 el Tribunal de Distrito Federal, por voz del Hon. Juez José A. Fusté, dictó sentencia parcial en el caso presentado ante dicho foro desestimando con perjuicio la reclamación instada en contra de José A. Santiago, decisión que fue confirmada el 3 de octubre de 1993 por el Tribunal de Apelaciones para el Primer Ccircuito. De igual forma, el 18 de octubre de 1993 la apelante solicitó al Tribunal Federal el desistimiento con perjuicio de la reclamación instada contra la fiscal Meléndez y el fiscal Goyco. El ilustre foro federal acogió dicha solicitud y dictó sentencia desestimando con perjuicio y de manera final, firme e inapelable todas las causas de acción en contra de Pedro Goyco Amador y la fiscal Meléndez. Así las cosas, el 19 de junio de 1992 la fiscal Iris Meléndez Vega presentó una demanda contra El Vocero de Puerto Rico, Martha Marrero y otros en el Tribunal Superior de Puerto Rico, Sala de San Juan, donde alega que como resultado de los actos de los demandados ha sufrido profundas angustias y sufrimientos físicos y mentales. Sostiene la peticionaria que las expresiones falsas y libelosas de El Vocero y la Sra. Martha Marrero publicadas en diecinueve (19) artículos noticiosos, en 18 fechas distintas entre los períodos antes mencionados, fueron artículos "profundamente lesivos a la reputación profesional y a la honra y dignidad de la demandante Iris Meléndez Vega". En su demanda figuran como demandados El Vocero de Puerto Rico, Inc., Caribbean International News Corp.; José A. Purcell; *616 y Martha Marrero, por sí y como representante de la Sociedad de Gananciales.
Trabada la controversia y en el transcurso del descubrimiento de prueba de la demanda en el foro local, el 19 de marzo de 1993 la apelante solicitó la autorización del Tribunal Superior para traer al pleito un tercero demandado, el fiscal Pedro Goyco Amador. El 6 de marzo de 1993 presentó una segunda moción solicitando autorización para incluir también como tercero demandado al entonces fiscal José A. Santiago Martínez.
En síntesis, en su demanda contra tercero la apelante alega que ambos terceros demandados fueron la fuente principal del periódico El Vocero de Puerto Rico para la redacción y publicación de los artículos libelosos y difamatorios que son objeto de la demanda incoada por la fiscal Meléndez por lo que éstos podían ser responsables por la totalidad de los daños que Meléndez le reclama a Marrero y a El Vocero.
El 22 de abril de 1993 la demandante, Iris Meléndez Vega, presentó una solicitud de desestimación de demanda contra tercero. Sostiene la demandante en su escrito que la demanda contra tercero instada por la aquí apelante no justifica la concesión de un remedio en derecho y que por lo contrario constituye un injustificado entorpecimiento de la pronta adjudicación de la demanda. Ocho (8) meses después, el 18 de febrero de 1994, el Tribunal de Primera Instancia declaró no ha lugar la moción presentada por la parte demandante.
En el transcurso de estos incidentes procesales los apelados presentaron una moción solicitando se dicte sentencia sumaria desestimando la demanda contra tercero. En síntesis, arguyen los apelados en primer lugar que la demanda contra tercero carece de mérito alguno, toda vez que tratándose de una demanda por daños y perjuicios está totalmente desprovista, huérfana y carente del elemento esencial del daño, ya que dicha reclamación se limita a cuantificar una mera expectativa de resarcimiento de un daño no alegado, por ser éste inexistente. En segundo lugar sostienen, que la desestimación con perjuicio de la acción radicada por la apelante ante el foro federal tiene el efecto de adjudicación en los méritos y, por lo tanto, de cosa juzgada sobre la demanda contra tercero radicada un su contra por la apelante en el Tribunal Superior de Puerto Rico. 
El tribunal a quo determinó que procedía dictar sentencia sumaria parcial desestimando la demanda contra tercero bajo el fundamento de cosa juzgada. La ilustrada sala concluyó que en el presente caso "procede dictar sentencia sumaria por no haber controversia real sobre el hecho material de que el Tribunal de Distrito de los Estados Unidos ha desestimado, con perjuicio, la acción llevada en dicho foro, entre otros, contra los aquí terceros demandados Goyco Amador y Santiago Martínez; y porque procede dictar sentencia como cuestión de derecho. Por tal motivo, y no habiendo razón por la cual debamos posponer el dictar sentencia parcial hasta la solución final del pleito, declaramos HA LUGAR la Solicitud de Sentencia Sumaria presentada por los terceros demandados Srs. Pedro Goyco Amador y José A. Santiago Martínez. Como consecuencia se desestima con perjuicio la demanda de autos en cuanto a estos dos demandados se refiere". 
Inconforme, la apelante ha recurrido ante nos. Considera errónea la determinación del tribunal a quo (1) al declarar con lugar la moción de sentencia sumaria aplicando la doctrina de cosa juzgada y la doctrina de ley del caso, y (2) al no determinar que aplicaba la doctrina de incuria. Resolvemos.
n
Este recurso plantea cuestiones de gran interés referentes a la figura de cosa juzgada en nuestra jurisdicción. En específico, analizamos el efecto que tiene bajo nuestro acervo jurídico una sentencia desestimatoria con perjuicio dictada por el Tribunal Federal de los Estados Unidos para el Distrito de Puerto Rico.
‘ Nuestro Tribunal Supremo ha determinado que la aplicación interjurisdiccional de la doctrina de cosa juzgad^ y su complemento, la doctrina constitucional de entera fe y crédito, son áreas del derecho donde no existen normas unitarias. Para determinar la norma de cosa juzgada a aplicar y cuán abarcadora debe ser su aplicación cada caso debe ser objeto de cuidadoso análisis, tomando en consideración y ponderando entre otros factores tales como: el tipo de acción de que se trata; si la sentencia previa es de un tribunal de jurisdicción limitada; el fundamento jurisdiccional que tiene dicho tribunal para entender en el asunto; el derecho sustantivo resuelto, y el fundamento utilizado para resolver el caso. Rodríguez v. Colberg, _ D.P.R. _ (1992), 92 J.T.S. 102 (1992), Díaz Maldonado v. Lacot, 123 D.P.R. 261, 272 (1989). 
*617 Analizados los hechos particulares del caso ante nuestra consideración, no albergamos duda que la desestimación con perjuicio del pleito incoado en la esfera federal contra los apelados, tuvo el efecto de una adjudicación en los méritos, por lo que debe otorgársele entera fe y crédito en nuestra jurisdicción.
Sabido es que para que aplique la doctrina de cosa juzgada en casos que han sido desestimados, tal desestimación debe haber sido en los méritos. Ahora bien, no toda desestimación puede considerarse en los méritos. Así por ejemplo, una desestimación por falta de jurisdicción no es una adjudicación en los méritos, mientras que la decisión de un caso en rebeldía si lo es. Sin embargo, un cambio en la teoría del caso, o el hecho de que se pretenda reclamar un derecho bajo una ley distinta; tampoco afecta la aplicación de la doctrina el que los fundamentos de la sentencia previa sean erróneos. En cuanto a la desestimación como resultado de una sanción, la norma es que en la jurisdicción en que se dicte la sentencia tiene efecto de cosa juzgada, a menos que el tribunal específicamente disponga en la sentencia que la desestimación es sin perjuicio. Díaz Maldonado v. Lacot, supra; Rodríguez v. Baldrich, 508 F. Supp. 614 (1981); Cemer v. Marathon Oil Co. 583 F2d 798 (1977); Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 533 (1975); Mercado Riera v. Mercado Riera, 100 D.P.R. 940 (1972).
En situaciones como la de autos en que la corte federal asume jurisdicción de un reclamo bajo la ley de derechos civiles federales y luego dicta sentencia desestimando con perjuicio, se convierte en una adjudicación en los méritos, donde gobierna la doctrina de cosa juzgada para futuras adjudicaciones. Como indicáramos anteriormente, ese fue el caso del fiscal José A. Santiago Martínez, toda vez que el 30 de abril de 1993 el Tribunal de Distrito Federal desestimó con perjuicio la reclamación en contra de dicho funcionario. 
Por su parte, el caso instado contra el fiscal Pedro G. Goyco Amador, también fue una decisión en sus méritos, ya que se trata de un desistimiento voluntario con perjuicio solicitado por la propia apelante. 
En Ramos González v. Félix Medina, supra, el Tribunal Supremo se enfrentó a una situación similar a la de autos y señaló lo siguiente:

"Desconocemos los detalles del pleito federal y de todas formas no somos los llamados a hacer una evaluación sobre el ejercicio de discresión de un tribunal que se ampara en su poder inherente para manejar sus propios asuntos a fin de lograr una rápida y ordenada disposición de los casos. Tampoco podemos denegarle entera fe y crédito a la sentencia dictada por el Tribunal Federal y a los efectos que la misma pudiera tener jurisdicción. Art. IV, Sec.l de la Constitución de Estados Unidos, 28 U.S.C. see. 1738."

Esta decisión armoniza con los hechos del presente caso. La sentencia dictada por el tribunal federal es correcta, válida y constituye una adjudicación en los méritos, razón suficiente para interpretar que a la luz de la doctrina de cosa juzgada la causa de acción contra los terceros demandados no podía ser ventilada en el foro local. Sin embargo, creemos conveniente analizar cada uno de los elementos de dicha doctrina y cómo aplica a los hechos de este caso en particular.
ni
La cosa juzgada, como en general todos los temas relacionados con la determinación del objeto del proceso ofrece una compleja problemática, tanto desde el punto de vista doctrinal como en la práctica diaria de los tribunales, con la peculiaridad de que cuanto más se profundiza en su estudio, tanto más se oscurece su concepto. 
Debemos empezar por señalar que por cosa juzgada se entiende lo ya resuelto por fallo firme de un juez o tribunal competente y lleva en sí la firmeza de irrevocabilidad. Indica también el respeto debido a lo fallado y a la autoridad que resolvió, en la presunción de que es cierto lo dicho. Es por tanto, una consecuencia directa de la autoridad necesaria al fallo y en un orden eminentemente práctico tiene el fundamento indiscutible de que sin esa fuerza atribuida a lo juzgado, los pleitos nunca podrían tener fin. 
En Puerto Rico la doctrina de cosa juzgada está establecida en el Artículo 1204 del Código Civil, 31 L.P.R.A. See. 3343. En lo pertinente dispone:

*618
"Las presunciones establecidas por la ley pueden destruirse por la prueba en contrario, excepto en los casos que aquélla expresamente lo prohíba.

Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

Bajo este sucinto esquema doctrinario veamos el caso que nos ocupa. Tenemos ante nuestra consideración una sentencia emitida por el tribunal federal en el caso de Marrero Rivera v. Department of Justice, supra y una acción al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. 5141 en el foro local; se trata de dos (2) demandas diferentes que tienen en común unos hechos y ocurrencia que dan base a una solicitud de remedios al amparo de un estatuto federal y otro estatal.
Se ha determinado que cuando nos enfrentamos al planteamiento de que una sentencia dictada por el foro federal, alegadamente constituye cosa juzgada en relación con un pleito incoado en la jurisdicción local entran en juego consideraciones ajenas a la estirpe civilista. Así está claramente establecido que cuando la decisión federal se dicta al amparo de una reclamación o asunto federal la norma o doctrina de cosa juzgada que controla el asunto en el estado como fuente de ley al respecto, es la federal. Esto es así para preservar la supremacía y finalidad de la decisión inicial basada en las leyes del foro que la dictó. Consuelo Rodríguez v. Colberg Comas, supra; Díaz Maldonado v. Lacot, supra; Ramos González v. Félix Medina, supra.
A tenor con lo expuesto en el párrafo que precede debemos analizar el presente caso bajo las normas federales de res judicata. A pesar de existir esta norma general, hay que tener presente que aun en estos casos la doctrina federal de cosa juzgada no tiene que aplicarse con todos sus efectos a todos los posibles detalles del caso. Díaz Maldonado v. Lacot, supra.
Aclarado este extremo analizaremos brevemente el caso que nos ocupa al amparo de ambas doctrinas. Tanto bajo las normas federales como bajo las de Puerto Rico, se considera no sólo las cuestiones litigadas y adjudicadas con propiedad aun cuando no fueron planteadas. Figueroa v. Banco de San Juan, 108 D.P.R 680 (1979).
En este caso la apelante tuvo amplia oportunidad de litigar el caso ante el foro federal y así obtener que los terceros demandados, aquí apelados, le respondieran por los alegados hechos en el tribunal federal conforme al derecho estatal conjuntamente con la reclamación bajo la ley federal de derechos civiles.
La cuestión no necesita mucha elaboración por lo que coincidimos con el tribunal apelado al señalar que "estamos ante un dictamen federal, sobre cuestión federal, que recae sobre las mismas partes litigantes y al amparo de la jurisdicción federal. Esta jurisdicción pudo haber sido suplementada por la aquí apelante, (pendent or supplemental jurisdiction) bajo una causa de acción estatal como hubiese sido por ejemplo, una acción bajo el Art. 1802 del Código Civil de Puerto Rico." 
Bajo la doctrina de "Pendent or supplemental jurisdiction", el tribunal federal a solicitud de la apelante, pudo adjudicar las reclamaciones al amparo del Art. 1802 del Código Civil de Puerto Rico, supra, acciones que de ordinario no tendría jurisdicción para poder adjudicar. La apelante no lo hizo y la sentencia tuvo el efecto de cosa juzgada bajo al doctrina federal de "claim preclusion". 
Resulta inminente concluir que no importa la "etiqueta" cuando existe una sola causa invocada bajo leyes diferentes, y en foros diferentes; lo importante no es la ley en que se funda la reclamación, sino la causa de acción o razón para reclamar, es decir, el asunto planteado. Un cambio de leyes no evita la aplicación de la norma de "claimpreclusion", pues lo litigado es lo mismo, solamente son diferentes bases legales invocadas para proveer remedio. Ramos González v. Félix Medina, supra, a las págs. 331-332. 
*619 Resolvemos por tanto que procede la aplicación de la doctrina de res judicata a los hechos del presente caso y en consecuencia la apelante está impedida de relitigar sus reclamos en el foro estatal. Una sentencia final y firme, como la del caso que se ventiló en el foro federal, constituye cosa juzgada no solamente en relación con las cuestiones planteadas, sino también en relación con los que se pudieron plantear. E.L.A. v. Soc. Civil, 104 D.P.R. 392, 399 (1975); Mercado Riera v. Mercado Riera, 100 D.P.R. 940 (1972). Los planteamientos expuestos por la apelante no nos persuaden a tomar otra determinación.
Ahora bien, a pesar de que somos del criterio que bajo los hechos particulares del presente caso, aplica la doctrina federal examinaremos someramente el impacto del caso ante nos al amparo de la doctrina civilista.
En la esfera civil al igual que en la federal, la defensa de cosa juzgada tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior. La misma está fundada en consideraciones de orden público y de necesidad. Con dicha doctrina se persigue poner fin a los litigios luego de haber sido adjudicados en forma definitiva por los tribunales y garantizar de este modo la certidumbre y seguridad de los derechos por resolución judicial, para evitar gastos adicionales al estado y a los litigantes. Worldwide Food Distributors, Inc. v. Alberic Colón, _ D.P.R. _ (1993), 93 J.T.S. 114 (1993); Rodríguez v. Comas, supra; Pagán v. Hernández, 107 D.P.R. 720 (1978).
Como indicáramos al inició de nuestra opinión, para su aplicación, la doctrina de cosa juzgada requiere, por definición, que exista entre el pleito ya resuelto y el caso donde dicha defensa se levanta, la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Art. 1204 del Código Civil; Worldwide Food Distributors, Inc. v. Alberic Colón, supra. Veamos si en el caso de autos se han configurado los requisitos que requiere la figura de cosa juzgada.
El requisito de identidad de cosa que requiere la doctrina de cosa, según ha sido interpretado puede tratarse de la absoluta identidad, en el sentido de que el segundo pleito se refiera al objeto mismo que versó el primero; pero en general basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro. Debe entenderse que una cosa específica y corporal es la misma, aunque haya experimentado acciones, aumentos o menoscabos. Tratándose de cosas genéricas, el género y la identidad de título y de obligación en que se basa el litigio será la regla atendible. 
Analizando ambos casos podemos darnos cuenta que abordan esencialmente el mismo asunto. Ambos procesos están basados en acciones de daños y perjuicios, la primera bajo el Título VII y 42 U.S.C. 1983 y la segunda bajo el Art. 1802 del Código Civil, aunque se trate de disposiciones legales diferentes, en esencia la reclamación es la misma. Existe, pues, identidad de cosas, el objeto o materia sobre la cual se ejercita la acción es el mismo. Worldwide Food Distributors, Inc. v. Alberic Colón, supra.
En cuanto a la identidad de las personas de los litigantes, el propio Art. 1204 del Código Civil, supra, dipone:

"Se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron el anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas."

En el caso de autos basta con examinar ambos epígrafes para concluir que las partes que estuvieron envueltas en el proceso ante el tribunal federal es la misma. El epígrafe en el caso litigado en la corte federal lee como sigue: Marrero Rivera v. Department of Justice of Commonwealth of Puerto Rico; Pedro Goyco Amador; Iris Meléndez and José Angel Santiago Martinez, 821 F. Supp. 65 (1993). Por su parte, el pleito instado en el tribunal local envuelve las siguientes partes: Iris Meléndez Vega v. El Vocero de Puerto Rico Inc.; Marrero Rivera y Otros v. Pedro Goyco Amador y José A. Santiago Martínez. Caso Civil Núm. 92-0574. Por ende, existe en ambos procedimientos la más perfecta identidad de partes.
En autos la controversia de cosa juzgada, versa principalmente sobre la identidad de causa. La peticionaria sostiene en su escrito de apelación que en el presente caso "no es aplicable la defensa de cosa juzgada, ya que la *620 causa de acción de la apelante Marrero de Ramos es diferente ante el Tribunal de Instancia a la causa de acción que ella reclamó en la corte federal, por lo que no cumple con los requisitos de la doctrina de cosa juzgada, ya que no hay identidad de la causa de acción". No nos convence el escueto planteamiento de la apelante.
En el caso Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-952, se dijo, citando a Manresa que:
"Para los efectos de la cosa juzgada, la palabra causa tiene un sentido que no es de razón o motivo de un contrato o acto jurídico. Significa el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes. (Enfasis en el original). 

Si bien, como dijimos, es en general posible el-ejercicio sucesivo de diferentes acciones, podrá constituir lo primeramente resuelto cosa juzgada para el segundo pleito, cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma: así, desestimada la petición de un supuesto condueño reclamando la copropiedad que se le niega, es lógico que aquél no podrá ejercitar luego la acción para pedir la división de cosa común, etc."

En el mismo caso, citando a Scaevola se dijo: "La causa es el motivo de pedir." No se puede, sin embargo, identificar el fundamento, razón o motivo de pedir con el remedio solicitado como pretenden los recurrentes. Tal enfoque permitiría a los litigantes escindir sus acciones en tantos pleitos como remedios a que tuviesen derecho." Mercado Riera v. Mercado Riera, supra.
Algunos de los criterios que se han utilizado para determinar lo que es una causa de acción a los efectos de la doctrina de cosa juzgada son: (1) si el mismo derecho ha sido infringido por la misma violación, (2) si hay una identidad tal que una sentencia diferente en la segunda acción destruiría o afectaría derechos o intereses establecidos por la primera sentencia, (3) identidad de fundamentos, (4) si la misma evidencia sostendría ambas sentencias.
En Millán v. Caribe Motors, 83 D.P.R. 494, 507 (1961), el Tribunal Supremo señaló que:

"Se ha dicho que la mejor prueba para determinar si una sentencia anterior es un impedimento para una acción subsiguiente es inquirir si la misma evidencia sería suficiente para sostener ambas acciones. Si para sostener las distintas acciones se necesita evidencia entonces se trata de causas de acción diferentes y la primera sentencia no es impedimento para litigar la otra causa de acción."

Lo importante es determinar si ambas acciones surgen de un núcleo común de hechos operacionales, que sea una repetición fáctica o que surja de una misma conducta, transacción u ocurrencia.
A tenor con lo expuesto veamos el caso que nos ocupa. En autos la demanda resuelta en el foro federal fue por alegada violación de derechos civiles al amparo del Código de Estados Unidos, 42 U.S.C.A. Sees. 2000 e-17, y la demanda radicada en el Tribunal de Primera Instancia es por daños y perjuicios al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. See. 5141. Es innegable que existió la más perfecta identidad entre cosas y causas en ambas acciones. No sólo las reclamaciones de los demandantes surgen de los mismos hechos sino que la causa de acción es la misma, daños y perjuicios. De igual forma existe una identidad de fundamentos en las alegaciones de la apelante en ambos pleitos.
En consecuencia, podemos concluir que indistintamente de la doctrina aplicable, sea bajo la doctrina federal o en la esfera civilista, en el presente caso se cumplen con todos y cada uno de los requisitos necesarios para que opere la doctrina de cosa juzgada.
Por otro lado, sostiene la apelante que erró el Tribunal de Primera Instancia al aplicar la doctrina de ley del caso y al no aplicar la doctrina de incuria. Veamos.
*621 La doctrina de ley del caso necesariamente requiere que una cuestión en específico haya sido considerada y decidida. Secretario del Trabajo v. Tribunal Superior, 95 D.P.R. 136 (1967). La apelante sostiene que las órdenes emitidas por el Tribunal de Primera Instancia el 16 de julio de 1993 y 18 de febrero de 1994, tuvieron la finalidad de establecer que la causa de acción instada por ella tenían méritos y que en consecuencia esa es la ley que rige el presente caso. Entendemos que no le asiste la razón.
Cuando se pretende utilizar la doctrina de la ley del caso, basada en órdenes anteriores sobre la acción posterior de la corte que la dictara en el mismo caso, no podemos perder de vista que dicha doctrina meramente expresa la práctica de los tribunales en rehusar volver a abrir en discusión lo que ha sido decidido, y no una limitación a sus facultades. Martorel v. J. Ochoa, 25 D.P.R. 759 (1917).
Las referidas resoluciones resuelven dos mociones de desestimación basadas básicamente en que no procedía una demanda contra tercero contra los apelados presentando una reclamación independiente de la instada en la demanda original. Ahora bien, en ninguna de las dos resoluciones se planteó la defensa de cosa juzgada, por lo que no entró el tribunal a quo a determinar algo al respecto.
No hemos puesto en duda que la apelante haya tenido una causa de acción meritoria contra los terceros demandados. Sin embargo, como indicáramos, tuvo la oportunidad de ejercitar en su día su reclamo en el foro federal y no lo hizo, por lo que no puede acudir ahora a tratar de relitigar sus reclamos a base de unos hechos que quedaron litigados y resueltos mediante una sentencia final y firme dictada por el Tribunal de Distrito Federal, alegando la tradicional ley del caso basada en unas cuestiones de derecho que nunca antes habían sido dirimidas. La doctrina de la ley del caso jamás puede justificar el deliberado sacrificio de una cumplida y sustancial justicia.
En cuanto a la alegación de incuria, creemos innecesario discutir dicha doctrina ya que bajo ningún concepto le es de aplicación al presente caso. Recordemos que la finalidad de dicha doctrina es castigar aquél que a sabiendas de que tiene una causa de acción, tarda en ejercitarla y le causa perjuicio al demandado. Esta no es la situación fáctica ante nuestra consideración, porque si a alguien hay que imputarle incuria, es a la aquí apelante, quien tuvo la oportunidad de obtener sus remedios en el foro federal y no lo hizo.
Por los fundamentos antes señalados, procede confirmar la sentencia apelada.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 96 DTA 158
1. Marrero v. Department of Justice, 821 F. Supp. 65 (1993).
2. Véase párrafo siete (7) demanda del 19 de junio de 1992.
3. Apéndice de la petición a la página 27.
4. Sentencia Parcial del Tribunal de Primera Instancia de 9 de mayo de 1994. Apéndice de la Petición a la pág 4.
5. Véase para un análisis más profundo del tema 18 Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction Sec. 4468, 1981.
6. Se ha resuelto en la jurisdicción federal que una desestimación con perjuicio hecha al amparo de la Regla 41(b) de Procedimiento Federal, Federal Rules Civil Procedures 41 (b), 28 U.S.C., tiene el alcance de cosa juzgada. Igual norma aplica bajo la Regla 39.2 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.
7. La Regla 41 de Procedimiento Civil Federal 28 U.S.C., señala en lo pertinente que:

*622
"(a) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim".(Enfasis nuestro).
8. Serra Domínguez, Manuel, Comentarios al Código Civil y Compilaciones Forales. dirigido por Manuel Albaladejo, Tomo XVI. Vol. 2 a la pág. 63.
9. Manresa, José María y Navarro, Comentarios al Código Civil Español, Tomo VIII, Vol. 2, Madrid, ed. 1967, págs. 278-279.
10. Sentencia Parcial del Tribunal de Primera Instancia, Apéndice de la petición a la pág. 3.
11. Cuando se alega, como en este caso, que la causa de acción ha sido adjudica en un litigio anterior nos hallamos ante la figura de "claim preclusion", Ramos González v. Félix Medina, supra.
12. Nilsen v. City of Moss Point, Miss., 701 F. 2d. 556, 559 (1983).
13. Scaevola, Quintus Mucius, Código Civil, Tomo XX, 2da. ed., 1958, a la pág. 534.
14. Manresa, José María y Navarro, Comentarios al Código Civil Español, Tomo VIII, Vol. 2, supra, a la pág. 298.
15. Manresa, José María y Navarro, Comentarios al Código Civil Español, Tomo VIII, Vol. 2, supra, a la págs. 301-309.