MARVIN BRAM, por sí y en representación de sus hijos menores de edad MITCHELL y WILLIAM BRAM y de la sociedad de gananciales que tiene constituida con EDITHE BRAM; EDITHE BRAM, demandantes y recurrentes, *v.* GATEWAY PLAZA, INC., demandada y recurrida.

*Número:* R-74-396 *Resuelto:* 21 de abril de 1975

*Plinio Pérez Marrero,* abogado de los recurrentes; *Rieckehoff, Calderón, Rosa Silva & Harry Anduze Montaño,* abogados de la recurrida.

PER CURIAM: La garantía de costas, gastos y honorarios de abogado en favor de quien es demandado por persona natural o jurídica domiciliada en el extranjero está recogida en la Regla 69.5 de Procedimiento Civil que transcribimos:

"Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogado en que pudiere ser condenado. Todo procedimiento en el pleito

se suspenderá hasta que se preste la fianza, que no será menor de trescientos dólares. El tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderán los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional.

Transcurridos 90 días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que la misma se hubiere prestado, el tribunal ordenará la desestimación del pleito."

El texto de este último párrafo que en defecto de su cumplimiento *ordena* al tribunal la desestimación del pleito es una fundamental variación del lenguaje del Art. 343 del anterior Código de Enjuiciamiento Civil que instruía:

"Transcurridos treinta días desde la notificación del requerimiento para la prestación de fianza, o de una orden para que se constituya otra adicional o nueva, y acreditado tal extremo, y que no se ha prestado la fianza requerida, la corte o el juez puede ordenar el sobreseimiento del pleito."

Nótese que al substituir el Art. 343 del antiguo Enjuiciamiento Civil por la actual Regla 69.5 se hacen dos cambios significativos: se alarga de 30 a 90 días el plazo para prestar fianza y se substituye la forma potestativa, "el juez *puede ordenar* el sobreseimiento", por la imperativa "el tribunal *ordenará* la desestimación del pleito." (Bastardillas nuestras.)

El nuevo texto de esta Regla introduce un elemento de obligatoriedad y de finalidad en armonía con la "solución justa, rápida y económica de todo procedimiento" que es la consigna anunciada en la Regla 1. *Planned Credit of P.R., Inc.* v. *Page,* 103 D.P.R. 245 (1975).

Por residir los demandantes recurrentes fuera de Puerto Rico, a moción de la demandada el tribunal les exigió fianza de $1,000 para mantener su acción. Los demandantes dejaron pasar[1] el término de 90 días sin cumplir la orden y la sala

---

[1] La orden exigiendo fianza se dictó el 20 de diciembre de 1972; la misma se juró el 1 de junio siguiente y todavía demoró hasta el 26 de junio de 1973 en ser presentada al tribunal.

de instancia desestimó la demanda.

■ El término no es fatal e improrrogable en el sentido de que admite excusa fundada para la demora (Regla 68.2 (2) de Procedimiento Civil), mas si la presentada no fuere satisfactoria para el juez, su decisión desestimando la demanda tendrá virtualidad de cosa juzgada.

No encontramos error en la decisión del juez en el presente caso pues las razones de mudanza de oficina y comunicación dificultosa con el cliente no justifican la negligencia implícita en una demora de 180 días en traer al tribunal una fianza de $1,000 prestada por una compañía local.

Para que se cumpla la intención y propósito de la Regla 69.5 la desestimación del pleito debe tener finalidad. ¿De lo contrario para qué desestimarlo? La Regla 39.2 dispone que si el demandante deja de proseguir el pleito o de cumplir con las Reglas o con cualquier orden del tribunal ha de sufrir la desestimación del pleito con efecto de adjudicación en los méritos. Regla 41 (b) Federal; *Costello* v. *United States,* 365 U.S. 265, 286 (1961).

■ La rápida terminación de los pleitos es siempre deseable. Las prórrogas y suspensiones que otrora fueron causa del grave estancamiento en la administración de justicia han de dar paso al nuevo ritmo de marcha acelerada que la Reforma Judicial impone en todos los procedimientos. Las prórrogas y extensiones de plazos se concederán sólo en circunstancias excepcionales de necesidad justificada.

La sentencia revisada ha de ser *confirmada.*