Salas Soler, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Comparece el Municipio de Manatí solicitando se revise una Resolución dictada el 13 de junio de 1995, notificada el 2 de agosto en la que se determina aceptar la fianza ofrecida por el demandante-recurrido y ordena la continuación de los procedimientos. Señala el peticionario la comisión de error al aceptarse la prestación de fianza fuera del término prescrito por la Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III (fianza de no residentes y corporaciones extranjeras que actuén como demandantes para garantizar costas, gastos y honorarios de abogado). De acuerdo a esta regla el término para prestarla es de 90 días a partir de la desestimación del pleito.
En el caso de epígrafe la orden del Tribunal se hizo el 27 de septiembre de 1994, no fue hasta el 23 de enero de 1995, 118 días después de la orden, que la parte demandante presentó una Moción Informativa en la que indicaba que próximamente prestarían la fianza ordenada y que no lo habían hecho antes debido a causas fuera de su control. La fianza fue finalmente presentada en febrero de *982 1995. El recurrente indica que la desestimación del pleito es mandatoria.
La controversia planteada es si el término señalado para la prestación de fianza es uno de carácter jurisdiccional al no presentarse solicitud de prórroga dentro del término dispuesto por la Regla 68.2 . (1) de Procedimiento Civil, 32 L.P.R.A, Ap. Ill; o en la alternativa si fue presentada fuera del plazo, si la omisión se debió a negligencia excusable de acuerdo a la Regla 68.2 (2) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
La parte recurrida presentó Moción en Oposición a que se Expida Auto de Certiorari en la que básicamente alega que no se debe expedir el auto debido a que lo que la recurrente pretende es que se adopte una interpretación en el vacío de la Regla 69.5 sin que se considere el propósito de ésta y el fin que persigue. Indican que el término de noventa (90) días que establece la regla es prorrogable, a discreción del Tribunal aun expirado el término. Argumenta que las reglas procesales no deben vencer una causa de acción con altas probabilidades de prevalecer, menos aún cuando dicha fianza ya fue prestada efectivamente en un caso en que los demandados han sido los que han incumplido con las reglas de Procedimiento Civil. 
Además indican que la desestimación de una demanda por incumplir órdenes del Tribunal debe imponerse como último recurso de acuerdo a la interpretación jurisprudencial de la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
En A.P.P.R. v. Tribunal Superior, 104 D.P.R. 307 (1975), reiterando a Bram v. Gateway Plaza, Inc., 103 D.P.R. 716 (1975), el Tribunal Supremo resolvió que en virtud de la Regla 68.2 de Procedimiento Civil el término de noventa días que fija la Regla 69.5 puede ser prorrogado bajo los términos que ella dispone. El término de 90 días no es fatal ni improrrogable. La Regla 69.5 de Procedimiento Civil tiene el propósito de garantizar a la parte victoriosa el pago de las costas, gastos y honorarios de abogado por el litigante no residente que ha perdido el pleito. Molina v. C.R.U.V., 114 D.P.R. 295, pág. 297 (1983). El término dispuesto por la Regla 69.5 de Procedimiento Civil es de estricto cumplimiento, pero no es jurisdiccional. En Bram, supra, se trataba de una solicitud de prórroga presentada fuera del plazo de noventa días. Se desestimó la demanda al entenderse que la excusa presentada para la dilación no era satisfactoria y que las prórrogas y extensiones de plazo se concederán sólo en circunstancias excepcionales de necesidad justificada en las que la negligencia sea realmente excusable.
De los escritos y documentos provistos por ambas partes surge que al parecer se solicitó una prórroga a través de Moción Informativa del 23 de enero de 1995. Véase Apéndice IV, pág. 5. La misma se limita a indicar como razón para la tardanza "...causas ajenas fuera de nuestro control." No es hasta el 23 de marzo de 1995 en Moción en Oposición a Solicitud de Desestimación que aclara la razón para la dilación indicando: "...hubo una dilación en tramitar la obtención de la fianza dado el hecho de que el demandante no tiene oficiales en Puerto Rico...". Véase Apéndice XI, pág. 27.
En el caso ante nos estamos ante una dilación que no fue excesiva y en la que no se ha demostrado daño o perjuicio por la cual no se deba continuar con el procedimiento ordinario. La Regla 50 de Procedimiento Civil, 32 L.P.R.A. Ap. III indica en su parte pertinente: "...durante el curso del procedimiento el tribunal deberá hacer caso omiso de cualquier error o defecto en el mismo que no afecte los derechos sustanciales de las partes". Los tribunales apelativos deben reconocerle la mayor deferencia al Tribunal de Instancia de las determinaciones que haga relativas a la conducción de los procedimientos. Los procedimientos en los tribunales de instancia se presumen correctos, correspondiendo al apelante demostrar que el tribunal no actuó correctamente. Pueblo v. Najul Báez, 111 D.P.R. 417 (1981).
Por los fundamentos antes expuestos se deniega la expedición del recurso.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
*983 ESCOLIO 95 DTA 251
1. El Municipio de ManatI presentó su contestación el 17 de agosto de 1995, aunque la demanda habla sido presentada el 15 de abril de l994y el emplazamiento fue diligenciado en junio de 1994.