López Vilanova, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Peticionario recurre de una resolución del Tribunal de Primera Instancia, Sub-seccién de *1218 Distrito, Sala de Aguadilla, dictada por la Honorable Miriam Santiago Guzmán en la que determinó recibir una fianza de demandante no residente después de vencido el plazo para la prestación de la misma, y denegó la desestimación del pleito en su contra. Previo a la extinción del plazo el demandante solicitó y obtuvo una prórroga de cinco días adicionales para la desestimación. Adujo que el plazo de noventa días que dispone la Regla 69.5 de Procedimiento Civil había transcurrido en exceso cuando se prestó la fianza.
I
Las Reglas de Procedimiento Civil proveen un mecanismo para asegurar el pago de honorarios y costas de abogado por parte de demandante no residente en la eventualidad de que éste resulte ser la parte perdidosa.
"Cuando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1000) dólares. ... Transcurridos noventa (90) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que la misma se hubiere prestado, el tribunal ordenará la desestimación del pleito". 32 L.P.R.A. Ap. III R. 69.5". (Enfasis suplido).
¿Es éste un plazo que admite prórroga al amparo de la regla 68.2 de Procedimiento Civil?
El Tribunal Supremo de Puerto Rico en A.P.P.R. v. Tribunal Superior, 104 D.P.R. 307 (1975), reiterando lo expresado en Bram v. Gateway Plaza, Inc., 103 D.P.R. 716 (1975), resolvió que, a tenor con la Regla 68.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, el plazo de noventa (90) días que dispone la Regla 69.5 puede ser prorrogado conforme a las circunstancias allí dispuestas.
"Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción, (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior; o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable; pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.3, 44.1 47 48.2, 48.4, 49.2, 53.1, 53.2, 53.3 y 53.7 salvo lo dispuesto en las mismas bajo las condiciones allí prescritas". 32 L.P.R.A. Ap. III. R. 68.2.
Del texto de la Regla se desprende que mientras no haya vencido el plazo, el tribunal podrá ordenar a petición de parte que se prorrogue el plazo, y aún cuando haya vencido (siempre que no sea de los jurisdiccionales o de caducidad) podrá a moción de parte prorrogarlo si medió negligencia excusable para incumplir con el plazo originalmente provisto. Los casos de Bram, supra, y de A.P.P.R., supra , citados por el recurrente en apoyo a su contención son distinguibles al caso de marras. En Bram, supra, se prestó la fianza con 180 días de demora, y no se solicitó prórroga para la prestación. La excusa ofrecida no satisfizo al tribunal y se confirmó la desestimación.. En A.P.P.R. el tribunal de instancia aceptó una fianza en extremo tardía sin que el demandante satisficiera el requisito de ofrecer una excusa que fuere razonable. Allí se dijo que las razones ofrecidas para la demora de seis meses después de una orden para prestar fianza no eran aceptables para excusar que se tomaran por su cuenta la prórroga los demandantes. En el presente caso, el demandante-recurrido solicitó prórroga dentro del plazo de noventa días de haber sido notificado de la orden, según la Regla 69.5 y, por consiguiente, la prórroga se solicitó en conformidad con la Regla 68.2, y ofreció una excusa que al tribunal de instancia le satisfizo para justificar la demora. No vemos cómo pueda argumentar que han transcurrido 131 días desde la fecha de la Resolución, cuando es conocido que la Regla dispone que el plazo decursa desde la notificación y no desde el pronunciamiento de la resolución.
Existe una fuerte política judicial en favor de que los casos se ventilen en sus méritos. La Regla 50 de las de Procedimiento Civil dispone que:
*1219 "Ningún error en la admisión o exclusión de prueba y ningún error o defecto en cualquier decisión u orden, o en cualquier acto realizado u omitido por el tribunal, o por cualquiera de las partes, dará lugar ...a que se deje sin efecto, modifique o de otro modo se altere una sentencia u orden a menos que el tribunal considere que la negativa a tomar tal acción resulta incompatible con la justicia sustancial. Durante el curso del procedimiento el tribunal deberá hacer caso omiso de cualquier error o defecto en el mismo que no afecte los derechos sustanciales de las partes". 32 L.P.R.A. Ap. III R. 50.
El recurrente no nos ha demostrado haber, sufrido un daño o. perjuicio sustanciaba sus derechos imputable a la demora, que impida'el continuar el procedimiento ordinario. No-nos encontramos frente a una dilación excesiva. Es cierto que los pleitos deben tener finalidad, mas una prórroga de cinco días adicionales para la prestación de una fianza no es una dilación impermisible de los procedimientos. En ausencia de una demostración de abuso de discreción no debemos de intervenir con la discreción del tribunal de instancia.
Por los fundamentos expuestos se deniega la expedición del auto.:-
Así lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General