ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, INC.<br><br>APELADO<br><br>V.<br><br>HERIBERTO TORRES VILLANUEVA, et. als.<br><br>APELANTES | KLAN202201005 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. F CD2016-0121<br><br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece Heriberto Torres Villanueva [en lo subsiguiente, "apelante" o "señor Torres Villanueva"] quien nos solicita que revisemos la *Resolución* emitida el 23 de noviembre de 2022, por el Tribunal de Primera Instancia, Sala de Carolina. En virtud de referido dictamen, el foro primario dio por cumplida la fianza de no residente presentada por el demandante DLJ Mortgage Capital, Inc. y con ello denegó la solicitud de reconsideración a sentencia presentada por el señor Torres Villanueva.

Por las razones que expondremos a continuación, revocamos la determinación recurrida.

## I.

El 4 de febrero de 2016, Citimortgage, Inc. instó una demanda de cobro de dinero y ejecución de hipoteca contra Heriberto Torres Villanueva, su esposa Ilia Acevedo de Hostos y

otros.   Reclamaron el pago de $159,318.84 de principal, más intereses y otros cargos relativos a referida deuda.  El 25 de abril de 2016, el codemandado Heriberto Torres contestó la demanda.  Allí alegó, entre otras cosas, que el pagaré objeto de la demanda fue transferido a otra institución de nombre DLJ Mortage Capital, Inc.  El caso fue paralizado administrativamente en dos ocasiones.  Posteriormente, el 4 de junio de 2019 el demandante presentó una *Moción Solicitando Sentencia Sumaria.*  El 7 de septiembre de 2022, notificada el siguiente 28 de septiembre, el foro primario dictó Sentencia Sumaria, en la cual declaró *Con Lugar* la demanda.

En desacuerdo, el 12 de octubre de 2022 el señor Torres Villanueva solicitó reconsideración.   Alegó que el demandante original del caso fue Citimortgage, Inc. una corporación foránea, la cual está sujeta a lo dispuesto en la Regla 69.5 de Procedimiento Civil, *infra*, la cual requiere la prestación de una fianza a corporaciones extranjeras.  Adujo que tal omisión vicia de nulidad la sentencia emitida y todo lo efectuado en el caso.

El 1ro de noviembre de 2022 DLJ Mortgage presentó Moción en Oposición a reconsideración y solicitud de paralización de los procedimientos.    Adujeron que el Tribunal no ha requerido la prestación de la fianza, por lo cual no procede la desestimación del pleito.  Indicaron que están en posición de someter la fianza de no residente, cuando se les requiera.  Solicitaron a su vez, la paralización de los procesos, en virtud de la moratoria otorgada por el presidente Joseph R. Biden Jr. el 21 de septiembre de 2022 hasta el 20 de diciembre de 2022, a consecuencia del paso del Huracán Fiona.   En respuesta, el 8 de noviembre de 2022, notificada el 10 de noviembre, el foro primario declaró *Con Lugar* la moción en oposición y concedió tres (3) días para consignar la fianza de no residente, por la cantidad de $1,000 dólares.   En

escrito intitulado *Moción sometiendo fianza de no residente* de fecha 10 de noviembre de 2022, DLJ Mortgage informó la prestación de la fianza. Acto seguido, el TPI dio por cumplida la orden, según notificación del 23 de noviembre de 2022.

Aun inconforme el señor Torres Villanueva presentó el recurso que atendemos en el que alega que:

> La sentencia fue dictada sin que se le diese cumplimiento a lo dispuesto en la Regla 69.5 de Procedimiento Civil. Erró el TPI al dictar una sentencia careciendo de jurisdicción.

Examinado el Recurso de *Apelación*, le concedimos término a la parte apelada para presentar su posición en torno al recurso y así lo hizo.

Con el beneficio de ambas comparecencias, revisamos el presente recurso.

## II.

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R.69.5, preceptúa la fianza de una persona demandante quien no es residente de Puerto Rico. Esta tiene como propósito ofrecer cierta protección a quienes son demandados por personas que no residen en Puerto Rico. Diana Martajeva v. Hermán Ferré, 210 DPR ___ (2022), 2022 TSPR 123; VS PR, LLC v. Drift-Wind, Inc., 207 DPR 253, 261 (2021). La norma se asienta en el razonamiento de que, cuando un reclamante no reside en nuestra jurisdicción, si el demandado prevalece, este puede enfrentar dificultades para recuperar los costos que conllevó su defensa. *Íd*. Por ende, la regla procesal se promulgó para garantizar el pago de las costas, gastos y honorarios de abogado en pleitos instados por personas naturales o jurídicas no residentes. Diana Martajeva v. Hermán Ferré, *supra*; Yero Vicente v. Nimay Auto Corp., 205 DPR 126, 130 (2020). Esta tiene, además, el propósito de

desalentar litigios frívolos e inmeritorios. <u>Diana Martajeva v. Hermán Ferré</u>, *supra*; <u>Reyes v. Oriental Fed. Savs. Bank</u>, 133 DPR 15, 20 (1993).

La aludida Regla 69.5 de Procedimiento Civil, que rige la fianza de los no residentes y estatuye lo siguiente:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal **requerirá que preste fianza** para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. **Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza**, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.
>
> Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
>
> No se exigirá la prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
>
> (a)     Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
> (b)     Se trate de un(a) copropietario(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o
> (c)     Se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.   (Énfasis nuestro).

Por otro lado, la Regla 69.7 de Procedimiento Civil, 32 LPRA Ap. V, preceptúa que, "[l]os Secretarios o las Secretarias, alguaciles o alguacilas y demás funcionarios o funcionarias del tribunal no podrán aceptar una fianza en ningún pleito o procedimiento, a menos que ésta haya sido aprobada por el juez o la jueza de la sala **ante la cual esté pendiente el pleito o procedimiento**, salvo la fianza prestada bajo la Regla 69.3."

De manera que, las reglas establecen expresamente los escenarios en los que se rechaza el requerimiento automático de una fianza al reclamante no residente. Yero Vicente v. Nimay Auto, *supra*, pág. 131. Así pues, la Regla 69.5 requiere de forma imperativa la imposición de fianza. Por lo tanto, un tribunal no tiene discreción para eximir del requisito de fianza a un demandante no residente o a una corporación extranjera. Yero Vicente v. Nimay Auto, *supra, pág. 134.* "[E]l lenguaje utilizado en la referida regla acota totalmente la discreción del juez sentenciador para eximir al demandante no residente del pago de la fianza." Vaillant v. Santander, 147 DPR 338, 347-348 (1998). De manera que, conforme a su texto, el Tribunal Supremo ha hecho alusión a que "[d]e una lectura de la Regla surge que la exigencia de la fianza a un reclamante no residente es de carácter mandatorio y todo procedimiento en el pleito queda suspendido hasta que se preste". Diana Martajeva v. Hermán Ferré, *supra,* citando a VS PR, LLC v. Drift-Wind, Inc., *supra,* págs. 262-263. El foro primario únicamente tiene discreción para establecer la cuantía de la fianza, siempre que no sea inferior a mil ($1,000) dólares y, en el caso en que el reclamante no la preste, decretar la inevitable desestimación de la demanda sea o no con perjuicio. VS PR, LLC v. Drift-Wind, Inc., *supra,* págs. 263, 272.

Si el reclamante extranjero que no está exento de prestar la fianza falla en presentarla dentro del término de sesenta (60) días establecido por la Regla, el tribunal ordenará la desestimación del pleito. VS PR, LLC v. Drift-Wind, Inc., *supra.* En suma, el lenguaje provisto por el cuerpo normativo no es potestativo como en algún momento lo fue ("el juez puede ordenar el sobreseimiento"), sino que es imperativo ("el tribunal ordenará la desestimación del pleito"). VS PR, LLC v. Drift-Wind, Inc., *supra;*

Yero Vicente v. Nimay Auto Corp., *supra.* Así, ante el incumplimiento con la prestación en el término que dispone la Regla, el tribunal está obligado a imponer como sanción la desestimación. *Íd.* El Tribunal Supremo ha expresado que "con arreglo a la voluntad legislativa expresada en el lenguaje de la Regla 69.5 de Procedimiento Civil, *supra*, se detiene todo procedimiento ante el tribunal hasta que se preste la fianza de no residente" […]. Diana Martajeva v. Hermán Ferré, *supra*.

En cuanto al último párrafo de la Regla 69.5, *supra,* allí se obliga al juez sentenciador a desestimar el pleito una vez transcurren sesenta días a partir de la notificación de la imposición de la fianza de no residente sin que se haya pagado ésta. Esta Regla se ha interpretado que contiene "un elemento de obligatoriedad y de finalidad en armonía con la 'solución justa, rápida y económica de todo procedimiento' que es la consigna anunciada en la Regla 1 [de Procedimiento Civil, 32 LPRA Ap. V R.1]". Bram v. Gateway Plaza, 103 DPR 716, 717 (1975). Por otra parte, el término no es fatal e improrrogable en el sentido de que admite excusa fundada para la demora, más si la presentada no fuere satisfactoria para el juez, su decisión desestimando la demanda tendrá virtualidad de cosa juzgada. Bram v. Gateway Plaza, *supra,* pág. 718. Recientemente el Tribunal Supremo, en VS PR, LLC v. Drift-Wind, Inc., *supra,* amplió este pronunciamiento para aclarar que "la desestimación debe tener finalidad y efecto de cosa juzgada, salvo que el tribunal, en el ejercicio de su discreción, decida lo contrario." Así pues, resolvió que los tribunales tienen discreción para precisar si el efecto de una desestimación bajo la Regla 69.5 es con o sin perjuicio. VS PR, LLC v. Drift-Wind, Inc., *supra.* Si no especifica que

desestimación será sin perjuicio, entonces se reputará que es con perjuicio. *Íd*.

A tenor con la antes mencionada normativa, evaluamos.

**III.**

El apelante alega que el foro primario tenía la obligación de asegurarse de la prestación de la fianza de no residente.   Por ello, menciona que la orden del 8 de noviembre de 2022, la que ordena la prestación de la fianza de no residente, después de emitida la sentencia, es nula.

El recurrido, por su parte, indica que la sentencia dictada no se considera nula pues el demandante cumplió con el pago de la fianza una vez esta le fue requerida.

Evaluamos.   De la exposición del Derecho aquí reseñado, notamos que la prestación de la fianza es un requisito mandatorio para todo litigante o corporación extranjera que interesa dilucidar una controversia en nuestros foros.  La fianza solo se exime en contadas excepciones, por lo que, de estas no aplicar, el juez no tiene discreción para relevar su prestación.   En armonía a ello, la Regla 69.5 de Procedimiento Civil, contiene un mandato imperativo de que todo procedimiento en el pleito queda suspendido hasta que se preste la fianza de no residente y si la fianza no se presta dentro de los sesenta días de la notificación de la orden del tribunal a esos fines, el tribunal ordenará la desestimación del pleito.  El Tribunal Supremo ha reiterado estos requisitos.[1]

Ahora bien, según la Regla, el tribunal es quien debe emitir la orden para que el reclamante preste la fianza.   Por tanto, el

---

[1] Véase, Diana Martajeva v. Hermán Ferré, *supra,* citando a VS PR, LLC v. Drift-Wind, Inc., *supra,* págs. 262-263

litigante no residente no gozará de acceso al foro hasta que se le fije la fianza y la pague. Esto nos lleva a concluir que la fianza debe ser prestada antes de que el foro primario continúe los trámites y dicte sentencia.

La parte apelante alega que la demandante es una corporación extranjera, sujeta a la prestación de la fianza de no residente. Este hecho no ha sido controvertido.

El 6 de julio de 2019 DLJ Mortgage, como parte demandante, solicitó que se dictara sentencia sumaria a su favor. A esa fecha el foro primario no le había requerido la prestación de la fianza de no residente, según lo estatuye la Regla 69.5 de Procedimiento Civil, *supra*. Tres años después, el 7 de septiembre de 2022, el Tribunal dictó sentencia, aun sin haber ordenado la prestación de fianza que exige la aludida Regla 69.5. Este trámite resultó ser contrario a lo que establece la normativa vigente. Al tratarse de una corporación foránea, el TPI venía obligado a ordenarle la presentación de una fianza de no residente y paralizar los procedimientos hasta el cumplimiento de la orden. El foro primario carecía de discreción para continuar con los procedimientos hasta tanto se cumpliera con el requisito establecido en la Regla 69.5 de Procedimiento Civil, *supra.* Es decir, procesalmente, el foro primario no podía continuar con los trámites del caso, ni mucho menos, dictar sentencia, sin haber cumplido con el requisito esencial de requerir la prestación de una fianza de no residente y paralizar el caso hasta que se prestara la fianza ordenada. Es por ello que, el dictar la sentencia, previo requerir la prestación de la fianza, es un acto contrario a lo que exige nuestro estado de Derecho.

Luego de recaída la sentencia, la parte peticionaria solicitó reconsideración por no haberse cumplido el requisito de la fianza.

El foro primario denegó su pedido, a pesar de que la imposición de la fianza era mandatoria. Ante ello, la sentencia no se podía dictar hasta que se fijara la fianza y la prestara la recurrida y así lo decretamos.

## IV.

Por los fundamentos antes expuestos, se deja sin efecto la *Sentencia* apelada, ya que fue emitida antes de que el Tribunal de Primera Instancia requiriera la presentación de la fianza de no residente, según dispone la Regla 69.5 de Procedimiento Civil, *supra*. Consecuentemente, devolvemos el caso al foro primario para que se dicte nuevamente la Sentencia y se notifique ésta.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones