ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JAVIER GANDULLA PAOLI<br><br>Recurrido<br><br>V.<br><br>RICARDO DÁVILA FRANQUI<br><br>Peticionario | KLCE202300104 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2021CV07998<br><br>Sobre:<br>Desahucio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece Ricardo Dávila Franqui [en lo subsiguiente, peticionario o señor Dávila Franqui] quien nos solicita que revisemos la *Resolución* emitida el 20 de enero de 2023, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala de San Juan. En virtud de referido dictamen, el foro primario declaró *No Ha Lugar* a la Moción de Relevo de Sentencia presentada por el peticionario.

Por los fundamentos que exponemos a continuación, expedimos el recurso de *certiorari* y revocamos la resolución recurrida.

### I.

El 3 de diciembre de 2021 el señor Javier Gandulla Paoli [en adelante, recurrido o señor Gandulla Paoli] instó una demanda sobre desahucio en precario contra Ricardo Dávila Franqui. En el primer inciso de la demanda, el señor Gandulla Paoli mencionó que su dirección postal era en "8843 W 33rd Avenue Hialeah, FL

Número Identificador

SEN2023 _____

33018". Alegó, a su vez, que las partes suscribieron un contrato de arrendamiento, el cual quedó terminado por el incumplimiento de la parte demandada. Ante ello, solicitó que el demandado desocupara y entregara la propiedad arrendada, más el pago de costas, gastos y honorarios de abogado.

El Tribunal emitió el emplazamiento con la citación para la vista del desahucio, la cual quedó pautada para el 18 de enero de 2022. Ese día ambas partes comparecieron, representadas por sus abogados. Las partes le notificaron al tribunal que alcanzaron un acuerdo. Al día siguiente, suscribieron una "Moción Sometiendo Estipulación y Solicitud de Sentencia". Allí le solicitaron al Tribunal que la sentencia que en su día se dicte, sea final, firme e inapelable desde la fecha de su dictamen.

Conforme acordado, el 20 de enero de 2022 el foro primario emitió la correspondiente sentencia en la que dispuso como sigue:

> Durante la vista, las partes informaron haber llegado a una estipulación y acuerdo transaccional que pone fin a las controversias de este caso. Dicho acuerdo fue vertido para récord y cada parte lo ratificó bajo juramento. Las partes informaron que estarían presentando un escrito conjunto con las estipulaciones alcanzadas. El 19 de enero de 2022 las partes presentaron un escrito intitulado MOCIÓN SOMETIENDO ESTIPULACIÓN Y SOLICITUD DE SENTENCIA, en el que desglosan nuevamente el acuerdo alcanzado.
>
> Vista la estipulación y acuerdo entre las partes, el cual ponen fin al pleito ya comenzado, el Tribunal le imparte su aprobación y dicta Sentencia de conformidad adoptando los términos del acuerdo, como los términos de esta Sentencia, sin especial imposición de costas, gastos ni honorarios de abogado.

Meses después, el 13 de abril de 2022, el recurrido presentó una *Solicitud de Orden de Lanzamiento*. Aludió que la parte demandada incumplió con los acuerdos de la Estipulación. Luego

de varios trámites, en septiembre de 2022 el foro primario emitió una Orden de Lanzamiento.

El 27 de septiembre de 2022 el señor Dávila Franqui, por conducto de su abogada, solicitó el Relevo de Sentencia al amparo de la Regla 49.2 de Procedimiento Civil e imposición de fianza de no residente. Adujo que la sentencia dictada era nula debido a que no se cumplió con la Regla 69.5 de Procedimiento Civil, *infra*, la cual requiere la prestación de una fianza a los no residentes. Mencionó que el hecho de que las partes llegaron a unos acuerdos no releva al foro primario de cumplir con referida reglamentación. Ante tal situación, alegó que la sentencia era nula, así como, todo proceso posterior.[1] En moción de igual día, Dávila Franqui también solicitó la paralización del lanzamiento, hasta tanto el tribunal emita una determinación final sobre la fianza de no residente.

El 28 de septiembre de 2022 el señor Gandulla Paoli presentó su *Oposición a Solicitud de Relevo de Sentencia*. Alegó que el término fatal para presentar una solicitud de relevo venció el día 19 de julio de 2022. En cuanto a la fianza de no residente, adujo que, en ningún momento durante la vista de desahucio, se levantó el asunto sobre la fianza de no residente. Además, que las partes sometieron una estipulación para disponer del caso en su totalidad y no surge del expediente judicial una solicitud de paralización o que se exija una fianza de no residente. Entre otras cosas, solicitó que se denegara la solicitud del relevo de sentencia. Ese mismo día, el señor Dávila Franqui presentó una Dúplica a Oposición a Solicitud de Relevo de Sentencia.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 32.

El 10 de noviembre de 2022 el recurrido instó una *Urgente Solicitud de Determinación* para que el foro primario se expresara en el caso.

Examinadas las mociones de las partes, el 24 de enero de 2023, el foro primario resolvió *No Ha Lugar* a la solicitud de relevo de la sentencia dictada el 20 de enero de 2022.

En desacuerdo, el señor Dávila Franqui presentó el recurso que atendemos en el que alega que incidió el Tribunal de Primera Instancia al:

> **Primero:** Declarar no ha lugar la moción al amparo de la Regla 49.2 de las de Procedimiento Civil debido a [que] se violó el debido proceso de ley procesal al dictarse sentencia sin haberse impuesto una fianza de no residente al demandante-recurrido según exige la Regla 69.5 de las de Procedimiento Civil.
>
> **Segundo:** Al expedir orden y mandamiento de citación, celebrar vista y dictar sentencia sin haberse impuesto la fianza de no residente al demandante-recurrido.

Examinado el Recurso de *Certiorari*, le concedimos término a la parte apelada para presentar su posición en torno al recurso. El 1ro de febrero de 2023 el recurrido Gandulla Paoli compareció con una *Moción de Desestimación*. Alegó que el peticionario no prestó la fianza en apelación que impone el Artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832, previo a la presentación del presente recurso. Adujo a su vez que el recurso se presentó luego del término de cinco (5) días de dictada la sentencia. Ante ello, nos solicita la desestimación del recurso por falta de jurisdicción.

El 21 de febrero de 2023 el recurrente presentó su Oposición a la Moción de Desestimación. Asintió que el foro primario tenía la obligación de imponer una fianza en apelación, a tenor con el Artículo 630 del Código de Enjuiciamiento Civil, *supra* y el caso de *Autoridad de Carreteras de Puerto Rico v. Volmar Figueroa y otros,*

196 DPR 5 (2016). Ante tal incumplimiento, adujo que la sentencia dictada era nula.

El 23 de febrero de 2023 el recurrido Gandulla Paoli adujo que el recurrente apoyó su oposición a la desestimación en el caso de *Autoridad de Carreteras de Puerto Rico v. Volmar Figueroa y otros, supra.* Aseveró que en dicho caso el Tribunal Supremo concluyó lo siguiente:

> Así, el efecto de que el tribunal no fije el monto de la fianza en la sentencia es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. En consecuencia, careciendo de finalidad el término jurisdiccional de cinco días para apelar no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza.

Acto seguido alegó que, "siguiendo el argumento de la parte recurrente de que el TPI no fijó una fianza en la sentencia, y solo para propósito de la desestimación de marras, es forzoso concluir que el presente recurso es prematuro y académico, por lo que procede su desestimación."

Evaluados los escritos de las partes, atenderemos como cuestión de prioridad el planteamiento jurisdiccional.

## II.

### A.

En toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233-234 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 457 (2012). La jurisdicción es el poder o autoridad que ostenta un tribunal para decidir casos o controversias. Peerles Oil &Chemical v. Hnos. Torres, *supra*; S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011). Es norma reiterada que los tribunales

debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., *supra*. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*.

Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007). Así, la falta de jurisdicción de un tribunal para entender en un recurso es un defecto procesal insubsanable. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003).

**B.**

El desahucio se rige por la ley especial, consignada en los artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, que regula el término, las condiciones para apelar y el posterior lanzamiento.

La acción de desahucio es el mecanismo que tiene el dueño o dueña de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." Cooperativa v. Colón Lebrón, 203 DPR 812 (2020), que cita a Fernández & Hno. v. Pérez, 79 DPR 244, 247 (1956). A esos efectos, la acción de desahucio es un procedimiento de carácter sumario que responde al interés del Estado de atender con agilidad el reclamo de una persona dueña de un inmueble que ha sido impedido de ejercer su derecho a poseer y disfrutar del

mismo. <u>Cooperativa v. Colón Lebrón</u>, 203 DPR 812 (2020); <u>ATPR v. SLG Volmar-Mathieu</u>, 196 DPR 5, 9 (2016).

El Artículo 628 del Código de Enjuiciamiento Civil, según enmendado dispone que "[e]n los juicios de desahucio la parte contra la cual recaiga sentencia podrá apelar la misma…". 32 LPRA 2830. Conforme al Artículo 629, el término para apelar es el siguiente:

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

32 LPRA sec. 2831

Este recurso sólo se perfecciona si, dentro del referido término, el demandado presta una fianza por el monto que sea fijado por el Tribunal de Primera Instancia, según lo dispone el Artículo 630 del Código de Enjuiciamiento civil, a saber:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. (énfasis nuestro)

32 LPRA sec. 2832

Respecto a la importancia de que el foro de primera instancia cumpla la obligación de fijar la cuantía de modo que el demandado pueda ejercer su derecho apelar, el Tribunal Supremo de Puerto Rico ha reiterado que:

> El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago. La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. "Lo anterior aconseja que sea el Tribunal de Primera Instancia el foro que fije la fianza, como paso previo y jurisdiccional a la radicación del recurso de apelación". <u>Crespo Quiñones v. Santiago</u>

Velázquez, 176 DPR 408, 413-414 (2009); ATPR v. SLG Volmar Mathieu, 196 DPR 5 (2016).

Ahora bien, aunque la prestación de fianza es un requisito jurisdiccional para apelar la sentencia de desahucio, el Tribunal Supremo ha reconocido como excepción, los casos en que el Tribunal de Primera Instancia declara al demandado insolvente. ATPR v. SLG Volmar Mathieu, *supra*; Bucaré Management v. Arriaga García, 125 DPR 153, 158-159 (1990).

Es deber del Tribunal de Primera Instancia fijar el monto de la fianza que el demandado debe otorgar o en la alternativa, eximirle de tener que prestar la fianza debido a su insolvencia. Véase ATPR v. SLG Volmar Mathieu, *supra*. A esos fines el Tribunal Supremo indicó que,

> [E]l efecto de que el tribunal no fije el monto de la fianza en la sentencia es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. **En consecuencia, careciendo de finalidad el término jurisdiccional de cinco días para apelar no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza.** (énfasis nuestro) ATPR v. SLG Volmar Mathieu, *supra.*

El Tribunal Supremo de Puerto Rico ha reiterado que el referido término de cinco (5) días no comenzará a transcurrir hasta tanto el Tribunal de Primera Instancia fije el monto de la fianza que debe otorgarse. Cooperativa v. Colón Lebrón, *supra*; ATPR v. SLG Volmar-Mathieu, *supra*, págs. 14-15.

Al no surgir de la sentencia del TPI ninguna determinación en cuanto a la fianza, procede devolver el asunto al foro de instancia para que enmiende la sentencia, a los fines de "fijar la fianza o, en la alternativa, determinar si los peticionarios están exentos de prestarla debido a su insolvencia." ATPR v. SLG Volmar Mathieu, *supra*. Hasta que ello no ocurra, "[e]l término

jurisdiccional para apelar no comenzará a transcurrir […] y [se] archive en autos copia de la notificación de la sentencia enmendada". *Íd.*

Así pues, una vez el Tribunal de Primera Instancia declare con lugar una demanda de desahucio, se podrá ordenar el lanzamiento de la parte demandada desde que la sentencia sea final y firme. 32 LPRA sec. 2836. En términos ordinarios, la sentencia será final y firme cuando transcurra el término de cinco (5) días sin que se haya presentado una apelación. Cooperativa v. Colón Lebrón, *supra.*

## C.

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R.69.5, preceptúa la fianza de una persona demandante quien no es residente de Puerto Rico. Esta tiene como propósito ofrecer cierta protección a quienes son demandados por personas que no residen en Puerto Rico. Diana Martajeva v. Hermán Ferré, 210 DPR ___ (2022), 2022 TSPR 123; VS PR, LLC v. Drift-Wind, Inc., 207 DPR 253, 261 (2021). La norma se asienta en el razonamiento de que, cuando un reclamante no reside en nuestra jurisdicción, si el demandado prevalece, este puede enfrentar dificultades para recuperar los costos que conllevó su defensa. *Íd*.

Por ende, la regla procesal se promulgó para garantizar el pago de las costas, gastos y honorarios de abogado en pleitos instados por personas naturales o jurídicas no residentes. Diana Martajeva v. Hermán Ferré, *supra*; Yero Vicente v. Nimay Auto Corp., 205 DPR 126, 130 (2020). Esta tiene, además, el propósito de desalentar litigios frívolos e inmeritorios. Diana Martajeva v. Hermán Ferré, *supra*; Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 20 (1993).

La aludida Regla 69.5 de Procedimiento Civil, que rige la fianza de los no residentes y estatuye lo siguiente:

Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal **requerirá que preste fianza** para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. **Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza**, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

No se exigirá la prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

(a)     Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

(b)     Se trate de un(a) **copropietario**(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o

(c)     Se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. (Énfasis nuestro).

Por otro lado, la Regla 69.7 de Procedimiento Civil, 32 LPRA Ap. V, preceptúa que, "[l]os Secretarios o las Secretarias, alguaciles o alguacilas y demás funcionarios o funcionarias del tribunal no podrán aceptar una fianza en ningún pleito o procedimiento, a menos que ésta haya sido aprobada por el juez o la jueza de la sala **ante la cual esté pendiente el pleito o procedimiento**, salvo la fianza prestada bajo la Regla 69.3."

De manera que, las reglas establecen expresamente los escenarios en los que se rechaza el requerimiento automático de una fianza al reclamante no residente. Yero Vicente v. Nimay

_Auto_, _supra_, pág. 131.   Así pues, la Regla 69.5 requiere de forma imperativa la imposición de fianza. Por lo tanto, un tribunal no tiene discreción para eximir del requisito de fianza a un demandante no residente o a una corporación extranjera. Yero Vicente v. Nimay Auto, _supra, pág. 134._ "[E]l lenguaje utilizado en la referida regla acota totalmente la discreción del juez sentenciador para eximir al demandante no residente del pago de la fianza." Vaillant v. Santander_,_ 147 DPR 338, 347-348 (1998). De manera que, conforme a su texto, el Tribunal Supremo ha hecho alusión a que "[d]e una lectura de la Regla surge que la exigencia de la fianza a un reclamante no residente es de carácter mandatorio y todo procedimiento en el pleito queda suspendido hasta que se preste_"._ Diana Martajeva v. Hermán Ferré, _supra,_ citando a VS PR, LLC v. Drift-Wind, Inc., _supra,_ págs. 262-263_._ El foro primario únicamente tiene discreción para establecer la cuantía de la fianza, siempre que no sea inferior a mil ($1,000) dólares y, en el caso en que el reclamante no la preste, decretar la inevitable desestimación de la demanda sea o no con perjuicio. VS PR, LLC v. Drift-Wind, Inc._, supra,_ págs. 263, 272_._

Si el reclamante extranjero que no está exento de prestar la fianza falla en presentarla dentro del término de sesenta (60) días establecido por la Regla, el tribunal ordenará la desestimación del pleito. VS PR, LLC v. Drift-Wind, Inc._, supra._ En suma, el lenguaje provisto por el cuerpo normativo no es potestativo como en algún momento lo fue ("el juez puede ordenar el sobreseimiento"), sino que es imperativo ("el tribunal ordenará la desestimación del pleito"). VS PR, LLC v. Drift-Wind, Inc._, supra;_ Yero Vicente v. Nimay Auto Corp._, supra._ Así, ante el incumplimiento con la prestación en el término que dispone la Regla, el tribunal está obligado a imponer como sanción la

desestimación. *Íd.* El Tribunal Supremo ha expresado que "con arreglo a la voluntad legislativa expresada en el lenguaje de la Regla 69.5 de Procedimiento Civil, *supra*, se detiene todo procedimiento ante el tribunal hasta que se preste la fianza de no residente" […]. Diana Martajeva v. Hermán Ferré, *supra*.

En cuanto al último párrafo de la Regla 69.5, *supra,* allí se obliga al juez sentenciador a desestimar el pleito una vez transcurren sesenta días a partir de la notificación de la imposición de la fianza de no residente sin que se haya pagado ésta. Esta Regla se ha interpretado que contiene "un elemento de obligatoriedad y de finalidad en armonía con la 'solución justa, rápida y económica de todo procedimiento' que es la consigna anunciada en la Regla 1 [de Procedimiento Civil, 32 LPRA Ap. V R.1]". Bram v. Gateway Plaza*,* 103 DPR 716, 717 (1975). Por otra parte, el término no es fatal e improrrogable en el sentido de que admite excusa fundada para la demora, más si la presentada no fuere satisfactoria para el juez, su decisión desestimando la demanda tendrá virtualidad de cosa juzgada. Bram v. Gateway Plaza*, supra,* pág. 718. Recientemente el Tribunal Supremo, en VS PR, LLC v. Drift-Wind, Inc.*, supra,* amplió este pronunciamiento para aclarar que "la desestimación debe tener finalidad y efecto de cosa juzgada, salvo que el tribunal, en el ejercicio de su discreción, decida lo contrario." Así pues, resolvió que los tribunales tienen discreción para precisar si el efecto de una desestimación bajo la Regla 69.5 es con o sin perjuicio. VS PR, LLC v. Drift-Wind, Inc.*, supra.* Si no especifica que desestimación será sin perjuicio, entonces se reputará que es con perjuicio. *Íd*.

**D.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, sobre relevo de órdenes, sentencias o procedimientos establece, en lo pertinente, lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
>  […]
> (d) **nulidad de la sentencia**;
>  […]
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.  […]

El Tribunal Supremo ha opinado que "relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha". García Colón et al v. Sucn. González, 178 DPR 527 (2010).  Una sentencia se considera nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. García Colón et al v. Sucn. González, 178 *supra*, pág. 543; Figueroa v. Banco de San Juan, 108 DPR 680, 688 (1979).  Se ha destacado que bajo este fundamento no hay margen de discreción.  Si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. García Colón et al. v. Sucn. González, *supra*, págs. 543-544.  La nulidad de una sentencia por una violación al debido proceso de ley puede materializarse de distintas maneras. Particularmente, el profesor Rafael Hernández Colón resaltó que el "[q]uebrantamiento del debido proceso de ley es un concepto mucho más amplio y puede haber tantas manifestaciones de este como principios del debido proceso existen y que se hayan quebrantado en un caso en

especial". HRS Erase v. CMT, 205 DPR ___ (2020), 2020 TSPR 130, citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, sec. 4807, pág. 408.

A tenor con la antes mencionada normativa, evaluamos.

### III.

El peticionario alega que el foro primario nunca impuso la fianza de no residente al demandante, quien en su primera alegación indicó que residía fuera de Puerto Rico. Ante ello adujo que procedía el relevo de la sentencia, pues el foro de instancia carecía de jurisdicción para continuar los procedimientos.

El recurrido por su parte solicitó la *Desestimación* del recurso de *certiorari*, toda vez que el peticionario no prestó la fianza en apelación que impone el Artículo 630 del Código de Enjuiciamiento Civil, *supra*, previo a la presentación del presente recurso. Reconoció que el TPI no fijó una fianza en la sentencia, por lo que, entendió que el recurso era prematuro y académico, razón por la cual procedía su desestimación.

De un examen del expediente tenemos dos aspectos medulares que ameritaban el relevo de sentencia.

En primer lugar, es incontrovertido que el demandante no era residente de Puerto Rico, pues así surge de la demanda. Ante ello, el foro primario venía obligado a fijarle una fianza al reclamante, por disposición expresa de la Regla 69.5 de Procedimiento Civil. La aludida Regla contiene un mandato de que todo procedimiento en el pleito quede suspendido hasta que se preste la fianza de no residente. Si la fianza no se presta dentro de los sesenta días de la notificación de la orden del tribunal a

esos fines, el tribunal debe ordenar la desestimación del pleito. El Tribunal Supremo ha reiterado estos requisitos.[2]

El requisito de la fijación de fianza era medular para la continuación del pleito, toda vez que el Derecho aquí referido, expresa que la prestación de la fianza es de carácter mandatorio para todo litigante extranjero que interesa dilucidar una controversia en nuestros foros. La fianza solo se exime en contadas excepciones, por lo que, de estas no aplicar, el juez no tiene discreción para relevar su prestación. Por tanto, el litigante no residente no gozará de acceso al foro hasta que se le fije la fianza y la pague. Esto nos lleva a concluir que la fianza debe ser prestada antes de que el foro primario continúe los trámites y dicte sentencia, lo que no ocurrió en este caso.

El foro primario carecía de discreción para continuar con los procedimientos y debió paralizarlos hasta tanto se cumpliera con el requisito establecido en la Regla 69.5 de Procedimiento Civil. Es por ello, que el dictar la sentencia, previo requerir la prestación de la fianza, es un acto contrario a lo que exige nuestro estado de Derecho y así lo decretamos. Ante ello, procede devolver el caso al foro primario para la imposición de la fianza de no residente, y luego de prestada, vuelva a notificar la correspondiente sentencia.

Segundo, en las acciones de desahucio, es imperativo que el foro primario fije una fianza en apelación, como requisito jurisdiccional, con excepción a los casos en que el Tribunal de Primera Instancia declara al demandado insolvente.[3] Hasta tanto no se fije el monto de la fianza en la sentencia, ésta no será final

---

[2] Véase, Diana Martajeva v. Hermán Ferré, *supra,* citando a VS PR, LLC v. Drift-Wind, Inc., *supra,* págs. 262-263.

[3] Véase, ATPR v. SLG Volmar-Mathieu, *supra*; así también surge de los Art. 630 del Código de Enjuiciamiento Civil, *supra*.

debido a la falta de un elemento fundamental requerido por ley. En consecuencia, el término jurisdiccional para apelar no comienza a transcurrir.[4]

En la presente acción, tampoco surge que al dictar sentencia el foro primario estableciera la fianza en apelación o eximiera la prestación de esta por insolvencia. El hecho de que las partes llegaron a un acuerdo no releva al foro primario de imponer la fianza de naturaleza jurisdiccional. Así que, al evaluar los requisitos jurisdiccionales que rigen los procedimientos ante nuestra consideración, la sentencia dictada no surtió efecto alguno. Procede devolver la acción al foro primario para que igualmente fije el monto de la fianza que debe prestarse.

## IV.

Por los fundamentos antes expuestos revocamos la Resolución recurrida. Consecuentemente, se deja sin efecto la Sentencia apelada, devolvemos el caso de autos, para que se cumpla con la Regla 69.5 de Procedimiento Civil y el Tribunal resuelva conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Véase, ATPR v. SLG Volmar-Mathieu, *supra.*